## LEHIGH VALLEY R. CO. v. PIDCOCK.

(Circuit Court of Appeals, Second Circuit. May 15, 1918.)

No. 231.

1. APPEAL AND ERROR ☞1002—REVIEW—VERDICT.

A verdict on conflicting fact issues will not be reviewed on writ of error.

2. WITNESSES ☞270(2)—CROSS-EXAMINATION—SCOPE.

Where plaintiff, a brake inspector, was injured while between cars repairing a brake, and the conductor, who had directed the removing of a blue flag, which indicated the presence of employés, testified on direct examination that he saw plaintiff standing by the car, a question as to whether plaintiff told him anything before going between the same, objected to as immaterial and irrelevant, held permissible cross-examination.

3. WITNESSES ☞270(2)—CROSS-EXAMINATION—SCOPE.

While the cross-examination of a witness is not to be extended to collateral, irrelevant, or immaterial matters, the rule is not so strict as in direct examination, and the trial court has considerable latitude of discretion.

4. TRIAL ☞252(2)—INJURIES TO SERVANT—INSTRUCTION.

In an action by a brake inspector, injured when the car he was repairing was moved, an instruction that the moving of a blue flag warning of the presence of employés between cars was negligence, etc., held warranted, and not open to attack as submitting the case upon a hypothesis of fact, which might possibly be deduced from defendant's case, pieced out by portions of plaintiff's case.

In Error to the District Court of the United States for the Southern District of New York.

Suit by Lewis Pidcock against the Lehigh Valley Railroad Company. There was a judgment for plaintiff, and defendant brings error. Affirmed.

The plaintiff in error is hereinafter referred to as defendant, and the defendant in error as plaintiff. The plaintiff was, at the time of the injury complained of, on July 13, 1917, in the employ of the defendant as an air brake inspector in the defendant's railroad yards, located in the city of Perth Amboy, in the state of New Jersey, which yards are used by defendant in the furtherance of the interstate commerce in which it is engaged. It is alleged that on the day mentioned it became necessary in the regular course of his employment for the plaintiff to inspect and repair one of defendant's cars, which car was a part of a train which at that time was being made up in the yards, and being prepared for interstate movement. In pursuance of his duties it became necessary for him to get between two cars of the train to repair the air brake system and the connecting air hose of the car and while the train of which the car was a portion was standing still. When so engaged and without warning to him, he claims, an engine and cars backed against the train in which was the car upon which he was at work, causing the cars to move violently and suddenly and to run over him inflicting the

injuries to redress which the suit is brought. It is alleged that the injuries to plaintiff were occasioned by the negligence of defendant in backing the engine and cars without warning to plaintiff, knowing that he was at the time engaged in repairing a car of the train and in a position of danger between two cars of the train. It is alleged that defendant at the time failed to have the cars equipped as required by the Safety Appliance Act of Congress (Act March 2, 1893, c. 196, 27 Stat. 531 [Comp. St. 1916, §§ 8605–8612]), and that the car on which plaintiff was working was not equipped with grabirons as required by said act. The left leg of plaintiff was run over, and the injuries sustained required its amputation, and other injuries to various parts of the body were alleged. The action was brought under the federal Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [Comp. St. 1916, §§ 8657–8665]). The jury returned a verdict for the plaintiff in the sum of $18,000.

Allan McCulloh, of New York City (Clifton P. Williamson and Edward W. Walker, both of New York City, of counsel), for plaintiff in error.

John C. Oldmixon, of New York City, for defendant in error.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

ROGERS, Circuit Judge (after stating the facts as above). [1] The versions of the accident presented by plaintiff and defendant respectively are diametrically opposed. The jury's duty was to determine the facts and they have found for the plaintiff. This court does not sit to review conclusions of juries upon questions of fact. The plaintiff's version of the accident is corroborated by a witness who was working with him on the same train when the accident occurred. On the day of the accident there was in force and effect a rule of the defendant's which is as follows:

"A blue flag by day and a blue light by night displayed at one or both ends of an engine, car, or train indicates that workmen are under or about it. When thus protected it must not be coupled to or moved. Workmen will display the blue signals and the same workmen are alone authorized to remove them. Other cars must not be placed on the same track so as to intercept the view of the blue signals without first requiring the workmen to remove them."

The plaintiff claims that he began his inspection at the rear end of the train, starting at the caboose and working forward. When he had examined some 8 or 10 cars, he discovered a break in the train line; that a nipple was broken in the thread and had to be repaired. He then walked to the tool box near the head end of the train in order to get a nipple to make the repair with. After getting it from the tool box he went to the head end of the train, and there saw that the blue flag was up and no engine was attached to the cars, and he told the man in charge of the blue flag that he had a small repair to make and to be sure and look out for him. He then went back to make the repair, and while he was still between the two cars and was about to couple the hose, without any warning to him, no whistle or bell being heard, there came a violent crash against the train upon which he was working, which carried the whole line of cars nearly a whole car length back, causing a wheel of the car upon which he was working to run over his leg, making necessary an amputation four inches below the knee.

The yard conductor was called as a witness for the defendant, and testified that on the day of the accident he was instructed by the yardmaster to drill out of the train and put into the shop a certain car marked for the "shop," which was about in the middle of the train upon which plaintiff was at work. This witness stated that when he arrived at the train the blue flag was up and that he waited until the flag was taken down. Two trainmen testified that the flag was taken down because the yard conductor ordered it down, and that the yard conductor, as soon as the flag was taken down, hooked up the engine. This appears to have been done without any one taking the trouble to ascertain whether men were under the train, as the blue flag indicated that they were; and then, according to the testimony of the plaintiff, came the crash and the resultant injury.

[2, 3] The first assignment of error—there are three in all—relates to the admission of testimony. When the yard conductor was on the stand and was asked on cross-examination: "Did you tell this plaintiff anything at all at the time you say you saw him standing at the side of the car, before he went between the cars?" He answered: "It wasn't my place." His counsel then objected to the question as immaterial and irrelevant. The court overruled the objection, and counsel took an exception. An answer was insisted upon, yes or no, and the witness answered: "No." This is claimed to be error, and is designated as an attempt to show "an alleged failure to give instructions." The record, however, does not show that counsel for plaintiff tried to make a point of the fact that this man failed to give any instructions to the plaintiff. Counsel for plaintiff says that he asked the question to test the veracity and recollection of the witness. The question asked was such as counsel was entitled to ask upon cross-examination.

The cross-examination of a witness is not to be extended to collateral, irrelevant, or immaterial matters; but a rule excluding such evidence is not applied as strictly in cross-examination as in direct examination. In this respect a court is invested with considerable latitude of discretion, and especially where such matters have been opened up on the direct examination. The witness had stated that he saw plaintiff standing at the end of the car, with his shoulder up against the car, and had asked him to step to the side. The court, then, was quite within its discretion, to say the least, in allowing the witness to be asked, therefore, on his cross-examination, whether he told the witness anything at all when he saw him standing there.

[4] The second and third assignments of error relate to instructions given to the jury. The first of the instructions objected to was as follows:

"If also you should find from the evidence that this flag was there, even though it was not put there by the plaintiff, but was put there by Sohmers, and you should find that Sohmers did not take the flag away, as concededly he did not, and that the plaintiff still remained in a position of danger in between the cars, and that Kennedy removed that flag, or caused its removal by an order to another, while the plaintiff was in that position of danger, without his exercising reasonable care and caution to give notice to the plaintiff, while he was in this position of danger, then you may find from those

facts that the defendant was neglectful or careless, and you can cause it to respond in damages. But that, gentlemen, you can only find, providing you find that the plaintiff all this time was in between the cars, as he claims he was, engaged in making these repairs."

The second was as follows:

"Mr. McCrossin: I ask your honor to charge the jury that, even though the blue flag were placed in position, if it were moved by any servant of the defendant other than the plaintiff without any notice to plaintiff, if they find they had reasonable ground to believe that plaintiff was working under the train, that that would be evidence of negligence on the part of the defendant.

"The Court: I have charged that. I will charge it again."

The objection urged is that, if instructions are based upon an hypothesis of fact which might possibly be deduced from defendant's case, or upon an hypothesis of fact which might possibly be said to be pieced out of portions of plaintiff's case combined with certain other portions of the defendant's case, it is reversible error. And it is said that the instructions complained of are defective in the particular referred to. It is also said that the plaintiff must succeed or fail, according as he has proved or failed to prove the accident which he pleaded. Of course, no one questions the last proposition. We have examined the charge of the court. The court was presented by defendant with a number of requests to charge and they were all given as requested. The court was then asked by plaintiff to charge the instruction already quoted above, being the third assignment of error, and after the court stated: "I have charged that. I will charge it again"—defendant's counsel said:

"I except to that, and I intended to except to the charge with regard to taking the flag away without giving the plaintiff due notice or reasonable notice, because I do not think that is in the case."

The court thereupon said: "It may not be, but I think it is for the jury to say." Mr. Williamson, one of the defendant's counsel, then said: "I take an exception." We are unable to see anything in these assignments of error. The instructions to the jury were explicit and they were charged that:

"If the accident happened as claimed by the defendant under those circumstances, of course, there would be no neglect or fault on the part of the railroad company, and the plaintiff could not succeed in this action."

There is no foundation for the assumption of the defendant that the case was submitted upon an hypothesis of fact which might possibly be deduced from defendant's case or upon an hypothesis which might be pieced out of portions of plaintiff's case combined with certain other portions of defendant's case. The actual occurrence was either the accident claimed by plaintiff or the one asserted by defendant, and it was properly submitted on that theory.

Judgment affirmed.